CASE 26—PETITION ORDINARY—OCTOBER 17. ·

# Owensboro & Nashville Railroad Company v. Griffith.

### APPEAL FROM DAVEISS CIRCUIT COURT.

1. GRANT TO RAILROAD COMPANY IN CONSIDERATION OF LOCATION OF DEPOT.—When one has granted land to a railroad company upon consideration, as recited in the deed, that the grantee will locate its depot on the ground, the grantor believing that his adjoining lands will thereby be enhanced in value, the fact that both the granting clause and the *habendum* recite that the land is for the use of said depot "and other railroad purposes" does not entitle the company, after removing its depot to another part of the city, to continue to use the land for "other railroad purposes," it being expressly stipulated in the deed that the grantor shall have the right to resume possession of the land "in the event the said railroad shall discontinue the said point as a depot for the said road, and said ground shall no longer be useful for said purposes." The erection of a depot on the ground and its continuous use as a depot was the sole consideration of the possessory grant, and the other uses to which the ground might be applied were merely privileges that might be enjoyed in conjunction with its use for a depot, and not independently of that use.

2. WHERE THERE IS A CONFLICT BETWEEN THE GRANTING CLAUSE OF A DEED AND THE HABENDUM, the *habendum* must yield unless a contrary intention appears.

WILBUR F. BROWDER FOR APPELLANT.

The condition of forfeiture was that, whenever the company ceased to use the property for depot and *other* railroad purposes, then, and not until then, was the lot to revert to the grantors. The mere fact that the depot was taken away did not cause the title to revert.

SWEENEY, ELLIS & SWEENEY; WEIR, WEIR & WALKER FOR APPELLEES.

1. The grantors consented that the land might be used for "machine shops and other railroad purposes" so long as the "Owensboro Depot" remained there, but the only consideration for which they conveyed was the permanent location of said depot there, and upon the failure of the consideration the grantee had no longer any right to use said land for "machine shops and other railroad purposes." (Cleveland, &c., R'y Co. v. Columbus, &c., 91 Ind., 557; same case, 17 Am. and Eng. Railroad Cases, 40; Close, &c., v. Burlington, &c.,

R'y Co., 17 Am. and Eng. Railroad Cases, 33; Crow v. O. & N.
R. Co., 82 Ky., 137; Scott v. Scott, 3 B. M., 3; Jenkins v. Jenkins,
3 Mon., 329; Post v. Weil, 115 N. Y., 361; same case, 12 Am. St.
Rep., 814; Raly v. Umatilla county, 15 Ore., 172; same case, 3 Am.
St. Rep., 148; Kenner v. American Contract Co., 9 Bush, 202;
Hammond v. Port Royal & Augusta R'y Co., 15 Shand., S. C., 10;
same case, 11 Am. & Eng. Railroad Cases, 371.)

2. The equity action for a rescission of the contract is not a bar to this·
action in ejectment. Appellees had a right to either or both remedies.
(Coleman v. Cross, 1 Dana, 268; Julian v. Pilcher, 2 Duv., 254.)

3. There should be a reversal upon the cross-appeal. This is an action in
ejectment, and the court had no power to limit the recovery or to
make it conditional.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT. ·

The appellees, January 20, 1869, owned a large body
of land in Daveiss county, immediately outside the city
of Owensboro. This land is crossed by the Owensboro &
Nashville Railroad—then the Owensboro & Russellville
Railroad—and appellees being desirous of securing the
depot for Owensboro on said land, which, as they believed,
would enhance the value of their remaining land, they
granted to the appellant the right to the possession—not
the fee—to three acres and a fraction of an acre of said
land. The contention of the appellant is, that it had the
right to remove the depot and hold the possession of the
ground for other railroad purposes (switching, etc., being
the uses), notwithstanding it had removed the depot
about a mile to another part of the city. The granting
clause is as follows: " That the party of the first part,
for and in the consideration that the second party has,
and does hereby agree to locate the Owensboro depot of
the said road on the ground hereinafter mentioned, have
granted, and by these presents do grant, to the said party
of the second part, for the use of said depot and machine
shops and other railroad purposes, the following parcel

of ground lying," etc.   The *habendum* is as follows:
" To have and to hold said parcel of ground for the use
of said railroad depot, and other railroad purposes, such
as they may deem proper, to the said party of the second
part, so long as the same shall be used for said purposes.
But in the event the said railroad shall discontinue the
said point as a depot for the said road, and said ground
shall no longer be useful for said purposes, or should the
road be discontinued when built, then said Griffith and
Sweeney have the right to resume the possession of said
property, allowing to said railroad company the right to
remove any improvements they may have put thereon;
or, in default of this, and at the election of the said rail-
road company, it may, by paying to Griffith and Sweeney
the present value of said property, entitle itself to the
absolute fee-simple; and said Griffith and Sweeney
will, in this contingency, execute any further conveyance
that may be necessary to such vesting of the absolute
title."

As said, the appellees being the owners of a large
landed estate adjoining Owensboro, and hoping that if
the railroad depot was located on a part of it that that fact
would invite enterprise in that direction and cause their
remaining land to be enhanced in value, they granted the
possessory right to said piece of land to the appellant
upon the sole consideration that it would erect a depot
building thereon; and it would follow, as a matter of
course, that the possessory right thus granted was not to
last longer than said piece of ground was used as a depot
ground, for the consideration of the possessory grant was
the erection of a depot on the land; and it follows, as a
matter of course, that if the consideration ceased, the

possessory right would cease also, and the possession would revert to the grantors.

But the grantors, not willing to leave their rights in this regard to construction merely, stipulated that this possessory grant was "for the use of said depot, machine shops and other railroad purposes." This language is explicit, that the sole consideration of the possessory grant was the building of the depot and its use as such upon said ground; and the latter expression in the clause quoted, "machine shops and other railroad purposes," was not an additional consideration for the possessory grant, but as limiting the use of the ground to railroad purposes alone. The *habendum* further shows that the erection of a depot on the ground and its continuing use as a depot was the sole consideration of the possessory grant, and the other uses to which the ground might be applied were merely privileges that might be used in conjunction with its use as depot, and not independently of that use. The *habendum* reads: "To have and to hold said parcel of ground for the use of said railroad depot and other railroad purposes, such as they (it) may deem proper, to the said party of the second part, as long as the same shall be used for said purposes." Here, again, the distinct declarations, the first of which, evidently referring to the consideration for the grant, that the appellant is to hold the parcel of ground for the use of the depot, and the other referring to the privilege to use the land for such other railroad purposes as the appellant might deem proper, are repeated.

The next clauses are: "But in the event the said railroad shall discontinue the said point as a depot, and said grant shall no longer be useful for said purposes," etc.,

the appellees " have right to resume the possession of said property." It is contended that the latter clause, to-wit: " and said grant shall be no longer useful for said purposes," enlarges the right of the appellant to hold the possession of said property as long as it may be used for any railroad purposes whatever, notwithstanding it has ceased to use the land as a depot. This contention is not tenable. If it was, it would enlarge and contradict the consideration of the grant to such an extent as to totally destroy it; for property might be useful to the appellant for many railroad purposes that would lessen or destroy the value of adjoining property instead of enhancing its value; and, as said, the enhancement of the balance of the appellee's adjoining property being the sole consideration for the grant of the land for the purpose of a depot, its object, if the contention of the appellant be allowed, would be defeated; and to allow the appellant to hold possession of the property, notwithstanding it had defeated the consideration, would be allowing them to hold the possession of appellee's property without any consideration therefor.

As intimated, to allow the contention of the appellant, a conflict between the granting clause and the *habendum* would be presented, and in such case the rule is well settled that the *habendum* must yield, unless a contrary intention appears, and such intention thus appearing, the *habendum* must control. As said, such intention does not appear in this case, but the contrary intention is manifest.

The judgment is affirmed.